[No. 26732-9-I.   Division One.   January 13, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. DARRELL D. MUELLER, *Appellant*.

*Thomas S. Olmstead,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan J. Noonan, Deputy,* for respondent.

BAKER, J. — Darrell Mueller appeals his conviction for violation of the Uniform Controlled Substances Act, RCW 69.50, for possession of cocaine with intent to deliver, contending that the search of his vehicle exceeded the scope of the consent given. We affirm.

## I

A Washington State trooper stopped a vehicle driven by Mueller on suspicion of driving while intoxicated. During the course of the stop, the trooper asked Mueller if he would consent to a search of his car.

At the suppression hearing, the trial court found based on disputed testimony that Mueller gave a general, unqualified consent to search the vehicle for guns and drugs. A search of the entire car including the trunk was conducted. Mueller was cooperative and did not request the trooper to stop the search at any point.

During the search, the trooper asked defendant if a gym bag in the car belonged to him. According to the trooper's testimony, defendant stated that it did. The trooper unzipped the bag and searched its contents. The search revealed a plastic baggy containing white powder, a grinder, and a funnel. The trooper also found a false-bottomed aerosol can containing four bindles of white powder. In addition, the trooper found a wallet containing over $1,000 cash and items with defendant's name on them. Mueller testified that the gym bag did not belong to him.

## II

A consensual search is valid if: (1) the consent is voluntary; (2) the consent is granted by a party having the

authority to consent; and (3) the search is limited to the scope of the consent given. Utter, *Survey of Washington Search and Seizure Law: 1988 Update*, 11 U. Puget Sound L. Rev. § 5.10, at 551 (1988). The scope of consent may be limited by the consenting party with respect to the area to be searched and the purpose of the search. "When the police are relying upon consent as the basis for their warrantless search, the search should not exceed, in duration or physical scope, the limits of the consent given." 12 R. Ferguson, Wash. Prac., *Criminal Practice* § 2523, at 494 (1984).

■ ■ A general and unqualified consent to search an area for particular items permits a search of personal property within the area in which the material could be concealed. *State v. Jensen*, 44 Wn. App. 485, 723 P.2d 443, *review denied*, 107 Wn.2d 1012 (1986); Utter, at 557. Appellant asserts that he consented to a search of his automobile "for weapons and possibly guns" but not to a search of the zipped gym bag and its contents. However, the trial court determined that the consent given was general and unqualified because defendant did not expressly or impliedly limit its scope. Further, the court found that the express objects of the search were guns and drugs. Based on these findings, the judge ruled that the search had not exceeded its permissible scope. *State v. Jensen, supra*, and the recent case of *Florida v. Jimeno*, ___ U.S. ___, 114 L. Ed. 2d 297, 111 S. Ct. 1801 (1991) both support that conclusion.

In *Jensen*, the defendant was stopped for speeding and was arrested when a check on his driver's license revealed that his license had been suspended. Jensen consented to a search of his vehicle and signed a form waiving his right to have the search conducted pursuant to a warrant. The trooper found two bindles of cocaine in the pocket of a jacket on the backseat of Jensen's car.

On appeal, Jensen argued in part that the search of the jacket pockets exceeded the scope of the consent given to the trooper. Jensen had consented to a complete search of his vehicle for any letters, papers, materials or other property

believed to be of evidentiary value. The court found that Jensen had imposed no limits, express or implied, on the scope of the search and concluded that

[t]his evidence is sufficient to demonstrate that Mr. Jensen consented to the search for evidence of the size and nature which could reasonably be found in a jacket pocket. Likewise, he never expressly or implicitly withheld consent to search his personal belongings in the car.

*Jensen*, 44 Wn. App. at 492.

In *Florida v. Jimeno, supra*, the defendant was stopped for a traffic infraction and on suspicion of drug trafficking. The defendant consented to a search of his car. During the search, the officer opened a brown paper bag containing cocaine.

The Supreme Court ruled the search did not exceed the authorized scope because defendant had not placed any limits on the search. In addition, the officer had expressly stated he would be searching for narcotics. Although the court noted that a suspect may restrict the scope of a search as he or she chooses, the majority concluded as follows:

We think that it was objectively reasonable for the police to conclude that the general consent to search respondent's car included consent to search containers within that car which might bear drugs. A reasonable person may be expected to know that narcotics are generally carried in some form of a container.

*Florida v. Jimeno*, 111 S. Ct. at 1804.

We acknowledge that article 1, section 7 of the Washington State Constitution provides greater protection of privacy interests than the Fourth Amendment. *State v. Bell*, 108 Wn.2d 193, 737 P.2d 254 (1987); *State v. Griffith*, 61 Wn. App. 35, 808 P.2d 1171, *review denied*, 117 Wn.2d 1009 (1991). In this case, however, the search did not exceed the scope of the consent under either a federal or state constitutional analysis. The trial court determined that the express purpose of the search was to look for guns and drugs and that Mueller did not expressly or impliedly limit the scope of the search. Accordingly, the search of the gym bag did not

exceed the scope of the consent given because the objects of the search reasonably could have been contained in the gym bag.

The judgment of the trial court is affirmed.

WEBSTER, A.C.J., and AGID, J., concur.

Reconsideration denied February 21, 1992.

Review denied at 119 Wn.2d 1012 (1992).